UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRY LACROIX,

    Plaintiff,

    v.                                      CAUSE NO. 3:23-CV-363-DRL-JEM

RON NEAL *et al.*,

    Defendants.

## OPINION AND ORDER

Terry LaCroix, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. LaCroix is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. LaCroix is an inmate at Indiana State Prison. He alleges that on May 12, 2021, Officer Webb (first name unknown) passed out lunch trays in his unit. He claims that after he ate the food on his tray, "inmates admitted that [Officer Webb] allowed them to

throw pee" on his food. When Officer Webb returned, Mr. LaCroix confronted her about this. She allegedly laughed and, in his words, "admitted that my trays had been messed with for 6 months and as far back as 2 years." He began yelling at her and she allegedly threatened to spray him with mace, but ultimately left without doing so. On another occasion, she "smirked" at him in an "antagonizing" fashion when she was making her rounds. He accused her of being "lazy" and "corrupt," and told her to get away from his cell. She allegedly responded, "Why don't you make me?" During another incident about a month later, she allegedly refused to pick up his lunch tray, instead telling him to pick it up himself, even though she picked up trays belonging to other inmates. On yet another occasion, he claims an inmate threw urine at him, leaving some urine on his cell door. He claims he asked Officer Webb to "call bio" to clean up the urine, but she "never did." Based on these events, he sues Warden Ron Neal and Officer Webb for monetary damages.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Id.* The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* at 834. On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This standard is satisfied "when the official has acted in an intentional or criminally reckless manner,

2

i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Farnham*, 394 F.3d at 478.

Giving Mr. LaCroix the inferences to which he is entitled at this stage, he has plausibly alleged an Eighth Amendment claim against Officer Webb. "The Constitution mandates that prison officials provide inmates with nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) (citation and quotations omitted); *see also Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) (inmates are entitled to adequate food under the Eighth Amendment). Mr. LaCroix claims that Officer Webb permitted other inmates to contaminate his food with their urine for as long as two years. One of the inmates allegedly has hepatitis, which caused him significant concern for his well-being. When he confronted her, she allegedly laughed. It can be plausibly inferred from his allegations that she acted intentionally or at least with reckless disregard of the health consequences he might suffer from eating food contaminated with another inmate's urine. Further factual development may show that these events did not occur as he describes, but he has alleged enough to proceed on a claim for damages against Officer Webb.

The other conduct he attributes to her, such as "smirking" at him, speaking rudely to him, refusing to pick up his lunch tray, or failing to call someone to have urine cleaned off his cell door, cannot be considered the type of severe deprivation that amounts to cruel and unusual punishment. *See Dobbey v. Ill. Dep't of Correction*, 574 F.3d 443, 445 (7th

Cir. 2009). Her alleged teasing and rude treatment may have been childish, but "[r]elationships between prisoners and prison staff are not always marked by genteel language and good manners." *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019). It appears he may have contributed to their antagonistic relationship by, among other things, calling her "lazy" and "corrupt" while she was making her rounds. He will not be permitted to proceed on a claim related to these allegations.

He also claims Officer Webb "discriminated" against him. "The Equal Protection Clause of the Fourteenth Amendment prohibits intentional racial discrimination." *Williams v. Dart*, 967 F.3d 625, 637 (7th Cir. 2020). To assert an equal protection claim, a prisoner must allege that he is a member of a protected class and that a prison employee treated him less favorably than other prisoners not in the class but who were similarly situated to him. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). Mr. LaCroix does not identify his race or that of Officer Webb or provide any other details to suggest that her actions were racially motivated. The only incident he describes where she allegedly treated other prisoners more favorably is when she allegedly refused to pick up his lunch tray but picked up those of other inmates. Assuming a minor incident of this nature could form the basis for a constitutional claim, he does not provide information about the race of the other inmates involved in this incident. From his bare allegations, the court cannot plausibly infer intentional race discrimination by Officer Webb.

He also asserts in general terms that his rights under the Due Process Clause were violated, but the court cannot discern how he was deprived of life, liberty, or property without due process, nor is it apparent what process he believes he was due. He also

4

alleges a violation of his Fourth Amendment rights, but that Amendment protects against unreasonable searches and seizures, and it is not evident how it is implicated here. Merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). He additionally alleges violations of the "9th Amendment" and the "15th Amendment," but the Ninth Amendment "is a rule of interpretation rather than a source of rights," *Goodpastor v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013), and the Fifteenth Amendment involves voting rights, *see Nw. Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193 (2009). These allegations do not state a plausible claim against Officer Webb.

He also names Warden Ron Neal as a defendant but does not mention him in the narrative section of the complaint. It appears he is trying to hold Warden Neal liable for damages because of his position, but this is not a viable basis for imposing liability under 42 U.S.C. § 1983. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Supervisory correctional staff can be held liable for a constitutional violation only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). There is insufficient factual content in the complaint from which the court could plausibly infer that Warden Neal knew about unconstitutional conduct by Officer Webb and condoned it, facilitated it, or approved of it.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer Webb (first name unknown) in her personal capacity for monetary damages for allowing other inmates to contaminate his food with urine in violation of the Eighth Amendment for a six-month to two-year period;

(2) DISMISSES Ron Neal as a defendant;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Webb (first name unknown) at the Indiana Department of Correction and to send her a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(6) ORDERS Officer Webb to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

July 31, 2023                 *s/ Damon R. Leichty*
                                                    Judge, United States District Court