UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRY LACROIX,

    Plaintiff,

        v.                         CAUSE NO. 3:23-cv-363-DRL-JEM

WEBB,

    Defendant.

## OPINION AND ORDER

Terry LaCroix, a prisoner without a lawyer, is proceeding in this case against Officer Tonda Webb "in her personal capacity for monetary damages for allowing other inmates to contaminate his food with urine in violation of the Eighth Amendment for a six-month to two-year period[.]" ECF 6 at 6. Officer Webb filed a motion for summary judgment, arguing Mr. LaCroix didn't exhaust his administrative remedies before filing this lawsuit. ECF 14. Mr. LaCroix filed a response, Officer Webb filed a reply, and Mr. LaCroix filed an authorized surreply. ECF 22, 23, 27. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact

exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citing *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006)). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* (citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

Officer Webb provides an affidavit from the Grievance Specialist at Indiana State Prison (ISP) and Mr. LaCroix's grievance records. During all relevant times, an Offender Grievance Process was in place at ISP. ECF 14-1 at 2. The Offender Grievance Process

2

requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.*; ECF 14-2 at 3. If an inmate submits a grievance that is rejected by the grievance office, "[i]t shall be the responsibility of the offender to make the necessary revisions to the grievance form and to return the revised form to the Offender Grievance Specialist within five (5) business days from the date that it is returned to the offender." ECF 14-2 at 10.

Mr. LaCroix submitted four potentially relevant grievances, and each was rejected by the grievance office. First, on April 25, 2021, Mr. LaCroix submitted a grievance alleging that for the past two years correctional officers had allowed other inmates to contaminate his food trays. ECF 14-1 at 5; ECF 14-4 at 2. He also complained of a specific incident with Officer Washington from May 2020, and that he was not receiving proper portions of his food. *Id.* He listed a "Date of Incident" of "4-25-2019 to present." *Id.* On June 7, 2021, the grievance office rejected this grievance as untimely and because "[y]ou cannot grieve for a date range." *Id.*; ECF 14-4 at 1. The "Return of Grievance" form instructed Mr. LaCroix he needed "a specific date of incident," and informed him he could revise and resubmit his grievance within five business days. *Id.*[1] On June 9, 2021, Mr. LaCroix submitted a corrected version of his April 25 grievance listing an incident

---

[1] It is unclear whether this grievance was untimely, as it complained of an ongoing incident but also complained of a specific incident occurring in May 2020. But there's no evidence it was improper for the Grievance Specialist to instruct Mr. LaCroix to correct the grievance to provide "a specific date of incident." *See* ECF 14-2 at 9 (for a grievance to be properly submitted, "[e]ach part of the form shall be completed"); ECF 14-1 at 5 (attesting that "an inmate may not grieve for a time frame when the alleged conduct relates to a specific date and time").

date of June 9, 2021. ECF 14-1 at 6; ECF 14-5 at 2. A grievance officer accepted and logged this grievance as Grievance 129639. *Id*. However, when the Grievance Specialist reviewed Grievance 129639, he issued a response rejecting the grievance as untimely and because it complained of multiple issues. ECF 14-1 at 6-7; ECF 14-5 at 1. Because Grievance 129639 was accepted and logged, Mr. LaCroix had the opportunity to appeal the Grievance Specialist's response, but did not do so. ECF 14-1 at 7; ECF 14-3 at 2.

Second, on May 12, 2021, Mr. LaCroix submitted a new grievance complaining he had been tortured in various ways by numerous gangs and correctional officers over the past 29 months. ECF 14-1 at 8; ECF 14-6 at 2. He requested as relief that he be transferred to a different prison facility. *Id.* On June 1, 2021, the grievance office rejected this grievance because it complained of numerous issues, was unintelligible, and sought inappropriate relief by requesting a facility transfer. *Id.*; ECF 14-6 at 1. Mr. LaCroix did not revise and resubmit this grievance. ECF 14-1 at 8.

Third, on May 13, 2021, Mr. LaCroix submitted a grievance complaining Officer Webb had antagonized him, threatened him with mace, and allowed other inmates to contaminate his food trays over the past two years. ECF 14-1 at 8; ECF 14-7 at 2. He requested as relief that Officer Webb lose her job. *Id.* On June 1, 2021, the grievance office rejected this grievance because it complained of multiple issues, was unintelligible, and sought inappropriate relief by requesting staff discipline. ECF 14-1 at 9; ECF 14-7 at 1. Mr. LaCroix did not revise and resubmit this grievance. ECF 14-1 at 9.

Last, on May 31, 2021, Mr. LaCroix submitted a grievance complaining that on May 3, 2021, a correctional officer used excessive force against him and Officer Webb

4

allowed inmates to contaminate his food tray. ECF 14-1 at 9; ECF 14-8 at 2. On June 21, 2021, the grievance office rejected this grievance as untimely because it was submitted more than ten business days after the incident. ECF 14-1 at 9; ECF 14-8 at 1. Mr. LaCroix did not revise and resubmit this grievance, nor did he submit any other relevant grievances. ECF 14-1 at 9-10.

Thus, Officer Webb has provided evidence Mr. LaCroix submitted four potentially relevant grievances, but each grievance was properly rejected by the grievance office. In his response, Mr. LaCroix concedes he never fully exhausted any relevant grievance, and doesn't argue or provide any evidence his grievances were improperly rejected. ECF 22. The court thus accepts as undisputed that Mr. LaCroix never exhausted any relevant grievance. Instead, Mr. LaCroix argues his administrative remedies were unavailable for two reasons.

First, Mr. LaCroix argues his claim against Officer Webb was not grievable because the grievance office rejected his grievances for requesting inappropriate relief. ECF 22 at 3-4. However, the fact that Mr. LaCroix requested inappropriate relief in his grievances by requesting a facility transfer and that Officer Webb be fired does not show his claim against Officer Webb was not grievable. Rather, Mr. LaCroix only needed to modify his grievances to remove the inappropriate requests for relief. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (an inmate must exhaust his administrative remedies even where the relief he desires "cannot be granted by the administrative process."). The grievance office never rejected any of Mr. LaCroix's grievances as raising matters inappropriate to the grievance procedure, so there is no evidence his claim against Officer Webb was not grievable.

Second, Mr. LaCroix argues the grievance office tampered with evidence by altering his grievances to remove certain markings. ECF 22 at 4-6. But Mr. LaCroix does not allege the grievance office made any substantive changes to his grievances or explain how the alleged changes made the grievance process unavailable to him. *See id.* Mr. LaCroix also argues the Grievance Specialist was biased against him (ECF 22 at 4-6), but this does not create a genuine dispute. *See Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) ("when challenges to witness' credibility are *all* that a plaintiff relies on, and he has shown no independent facts—no proof—to support his claims, summary judgment in favor of the defendant is proper"); *see also Dugan v. Smerwick Sewerage Co.*, 142 F.3d 398, 406 (7th Cir. 1998) ("prospect of challenging a witness' credibility is not alone enough to avoid summary judgment"). Even assuming the Grievance Specialist is biased against Mr. LaCroix, this had no impact on the outcome of this case as the Grievance Specialist had a proper basis for rejecting Mr. LaCroix's grievances under the grievance policy. *See Anderson*, 477 U.S. at 248 (1986) ("Only disputes over facts that might affect the outcome of the suit" will preclude the entry of summary judgment).[2]

Thus, Officer Webb has provided undisputed evidence Mr. LaCroix did not exhaust any relevant grievance before filing this lawsuit, and Mr. LaCroix provides no evidence his administrative remedies were unavailable. Officer Webb has thus met her

---

[2] Mr. LaCroix spends the rest of his response brief arguing the defendant's other affirmative defenses should be stricken in addition to the exhaustion defense (ECF 22 at 3-4, 7-13), but these defenses are not currently at issue before the court.

burden to show Mr. LaCroix didn't exhaust his available administrative remedies before filing this lawsuit. Summary judgment is warranted in her favor.

For these reasons, the court:

(1) GRANTS Officer Webb's summary judgment motion (ECF 14); and

(2) DIRECTS the clerk to enter judgment in favor of Officer Tonda Webb and against Terry LaCroix and to close this case.

SO ORDERED.

September 30, 2024                                   *s/ Damon R. Leichty*
                                                     Judge, United States District Court